# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 10-CR-20086** |
| | ) | |
| **ROBERT JEFFERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

Defendant, Robert Jefferson, was indicted on January 4, 2011, in a Superseding Indictment (#16), with one count of being a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g)(1) and one count of knowingly and intentionally possessing more than 500 grams of a mixture and substance containing cocaine, with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  On December 10, 2010, Defendant filed this Motion to Suppress (#14) and the government filed its Response (#19) on January 13, 2011.  An evidentiary hearing was held on May 9, 2011.  Defendant filed his Argument in Support of Motion to Suppress (#25) on May 18, 2011.  The government filed its Response (#26) on June 20, 2011.  For the following reasons, Defendant's Motion to Suppress (#14) is DENIED.

### FACTS

Those who testified at the May 9, 2011 evidentiary hearing were: Drug Enforcement Agency agent Rick Dulles; Decatur police officer David Dailey; Decatur police detective Richard Hughes; and Defendant Robert Jefferson.

From August to October 2010 this court authorized the interception of wire communications over two of Juan Britton's cellular phones.  From October 2, 2010, to October 9, 2010, agents monitored calls between Britton and Antonio Colon.  The calls indicated that Colon would be traveling to Decatur to meet with Britton to sell drugs.  On October 9, 2010,

Colon spoke with Defendant as he traveled to Decatur. Agents later observed Colon's vehicle parked in the driveway of Defendant's home. Later that day there was a series of calls between Colon and Britton to arrange their meeting. Agents observed a tan Cadillac Escalade, a vehicle associated with Defendant and registered to his sister, leave Defendant's home. Colon then called Britton to tell him he was on his way to the drug deal. After the deal was completed, the Escalade returned to Defendant's home. Colon then entered his vehicle and drove out of Decatur. Colon was stopped by the Illinois State Police and his vehicle searched. A narcotics dog alerted to the presence of drugs, and $28,955 in U.S. currency was recovered. Phone drops in the hours after the drug deal reveal Britton asking Defendant if Colon successfully left Decatur.

The next day, October 10, 2010, the police executed a search warrant at the Leafland Street address where the drug deal between Britton and Colon had taken place. Bags of powder cocaine were recovered. Later that day Britton and Defendant discussed the raid and search of Britton's apartment. Britton asked Defendant, if Defendant were to speak to Colon, to tell Colon Britton was ok. On October 17, 2010, Defendant called Britton and had a conversation officers interpreted to mean Defendant was in contact with Colon and that Colon had requested Defendant collect money Britton owed to Colon.

On October 26, 2010, agents of the DEA and Decatur Police Department initiated surveillance of Defendant's address at 846 E. Whitmer Street. Agents planned to arrest Defendant for various narcotics offenses based on information gathered during the wire interception and observations made by investigating officers. After observing Defendant driving his vehicle, officers initiated an arrest. Defendant was transported to the Decatur Police Department. During the transportation of Defendant, the officer noticed a strong marijuana

smell coming from the interior of the squad car.  The officer asked Defendant if he had any marijuana on him.  Defendant told the officer he had marijuana in his pants pocket.  At this point, Defendant had not been issued <u>Miranda</u> warnings pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).  The officer conducted a search incident to arrest and recovered 3 grams of marijuana in a plastic baggie in Defendant's pants pocket.

After Defendant's arrest, Detective Richard Hughes presented a complaint for a search warrant to Circuit Judge Thomas Little for Defendant's address of 846 E. Whitmer St., Decatur, in reference to the marijuana found on Defendant.  Hughes's complaint for the search warrant asked to "seize the following instruments, articles and things which have been used in the commission of, or which constitute evidence in, the offense of **<u>UNLAWFUL POSSESSION OF CANNABIS</u>**."  The items to be seized included cannabis, any and all U.S. currency associated with drug use or trafficking, any and all paraphernalia associated with drug use or trafficking, including firearms and records associated with trafficking.  Hughes stated his probable cause was based on a long term investigation the Decatur police and DEA had been conducting into the drug trafficking activities of a group of Decatur subjects, including Defendant.  Hughes stated that on October 26, 2010, Defendant was observed alone in his Cadillac Escalade leaving his residence on Whitmer Street, when he was stopped and, during a search incident to arrest, marijuana was located on Defendant's person.  After Defendant was taken into custody, his residence was secured and officers kept surveillance on it.  Based on those above facts, Hughes believed that Defendant's residence at 846 E. Whitmer, contained a possession of a quantity of marijuana, U.S. currency, and paraphernalia used in the distribution of marijuana.

Based on the complaint filed by Hughes, Judge Little issued a search warrant for

Defendant's home for cannabis, any and all U.S. currency associated with drug use or trafficking, any and all paraphernalia associated with drug use or trafficking, including firearms and records associated with trafficking. Pursuant to the search, agents recovered a loaded Glock model 21, .45 caliber pistol, loaded Hi Point .380 caliber pistol, $1,080 in U.S. currency, and 18 bags of powder cocaine.

Motion to Suppress

Defendant's Motion to Suppress seeks to suppress: (1) all evidence recovered because the Decatur police had no probable cause to make a traffic stop on Defendant, as he had not violated any traffic laws; (2) any statements made to the Decatur police because he was not Mirandized; (3) evidence recovered at his home, since there was no probable cause for the search warrant to issue based on the minuscule amount of marijuana recovered on Defendant's person.

The government responds that it has no intention of introducing any of Defendant's statements at trial, rendering moot the Motion to Suppress in that respect. Next, the government argues that (1) Defendant's arrest was based on probable cause that he had committed a federal offense, namely narcotics trafficking with Britton and Colon; and (2) because marijuana was found on Defendant soon after he left his home and was arrested, a reasonable basis existed to believe that the marijuana on Defendant's person could be from the home, and a search of the home would uncover additional amounts of marijuana. Further, even if the affidavit were deficient, the officers good faith reliance on the warrant should keep the narcotics from being excluded.

ANALYSIS

As a preliminary matter, the court has heard and carefully weighed the testimony of all participants in the evidentiary hearing. The court finds the law enforcement witnesses, Dulles,

4

Dailey, and Hughes, to be credible after observing their manor and demeanor while testifying.

<u>Arrest of Defendant</u>

While it is true Defendant committed no traffic offense before he was pulled over and arrested, the government claims probable cause existed based on Defendant's suspected violation of federal drug laws. Police may arrest an individual if they have probable cause to believe the individual engaged in criminal conduct, as an arrest supported by probable cause is reasonable by its very nature. <u>United States v. Burnside</u>, 588 F.3d 511, 517 (7th Cir. 2009). Here, the government argues, probable cause existed based on the wire interceptions and observations by agents involved in the investigation that the agents properly believed Defendant was involved in numerous state and federal narcotics offenses, including conspiracy to possess and distribute narcotics and aiding and abetting the distribution of narcotics. The testimony of Hughes bears this out, thus Defendant's Motion to Suppress is denied as to the arrest of Defendant.

<u>The Search Warrant for Defendant's Home</u>

"When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the affidavit." <u>United States v. Peck</u>, 317 F.3d 754, 755 (7th Cir. 2003). "Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." <u>Peck</u>, 317 F.3d at 756. Those circumstances need only indicate a reasonable probability that evidence of a crime will be found in the particular location; neither an absolute certainty nor a preponderance of the evidence is necessary. <u>United States v. Aljabari</u>, 626 F.3d 940, 944 (7th Cir. 2010). While helpful, direct evidence linking a crime to a certain place is not essential to establish probable cause to search that place. <u>Aljabari</u>, 626 F.3d at 944. An affidavit need only contain facts that, given the nature

5

of the evidence sought and the crime alleged, allow for a reasonable inference that there is a fair probability that evidence will be found in the particular place.  Aljabari, 626 F.3d at 944.

Defendant argues that the finding of a small amount of marijuana on Defendant would not give rise to a sufficient "nexus" between marijuana found on the person and drug dealing occurring in the home.  In United States v. McDuffy, 636 F.3d 361 (7ᵗʰ Cir. 2011), the defendant moved to suppress the warrant to search his home where the affidavit in support of the warrant neglected to mention how much marijuana was found in the trash outside his house (as in our case the search warrant was for marijuana, but another drug- crack- was found in the residence). The defendant argued that if the judge who issued the warrant had understood just how little marijuana was found, he would not have found probable cause to allow a search of the home for more.  McDuffy, 636 F.3d at 363.  The Seventh Circuit disagreed, holding that

> "[e]ven a very small quantity of marijuana in the trash provided sufficient reinforcement of the other information in the affidavit indicating a reasonable likelihood that McDuffy was dealing drugs from his home.  Each individual detail in the affidavit would have been sufficient by itself to support a finding of probable cause, but the details were mutually reinforcing.  The whole was greater than the sum of the individual details."  McDuffy, 636 F.3d at 363.

The Seventh Circuit cited to the defendant's prior drug convictions and a currency handoff on the defendant's lawn followed the next day by the arrival of several men who stayed only for a few minutes as being suspicious in light of the marijuana found in the trash.  McDuffy, 636 F.3d at 364.  The court concluded that

> "even if the affidavit had been revised to clarify that only one flake of marijuana was found in the trash, the affidavit would still have reflected a

'substantial chance' that police could find drugs in McDuffy's home." McDuffy,

361 F.3d at 364.

Here, the affidavit stated a "quantity" of field-test positive marijuana was found on

Defendant. The evidence establishes that it is highly likely Defendant left his home with the

marijuana on his person. Hughes also stated that Defendant was the subject of a long term

investigation into drug trafficking by the Decatur police and DEA. Taken as a whole, this

establishes sufficient probable cause to believe more drugs would be found in Defendant's home.

Good Faith Exception

The good faith exception articulated in United States v. Leon, 468 U.S. 897 (1984)

allows a facially valid warrant issued by a detached neutral magistrate to be upheld if the police

relied on the warrant in good faith, even if there is insufficient probable cause to support the

issuance of the warrant. Peck, 317 F.3d at 757. Here, to overcome the good faith exception,

Defendant would need to show that (1) the issuing judge abandoned his role as detached, neutral

magistrate and basically rubber stamped the warrant application; (2) Hughes was reckless or

dishonest in preparing the complaint; or (3) the warrant was so lacking in probable cause that no

officer could have relied on it. See Peck, 317 F.3d at 757.

Defendant has not argued the issuing judge abandoned his role as a detached, neutral

magistrate. Rather, Defendant argues that Detective Hughes was not truthful in his complaint for

the search warrant when he stated that officers "conducted a traffic stop on the vehicle"

Defendant was driving and that he was not truthful and/or exaggerated just how much cannabis

was found on Defendant's person.

First, as it relates to the use of the term "traffic stop," Defendant incorrectly assumes that

"traffic stop" means traffic violation. Hughes testified at the evidentiary hearing that Defendant

was pulled over due to the ongoing drug investigation, of which Defendant was a subject. The probable cause was the investigation, not any violation of the Illinois traffic code. The use of the term traffic stop in the search warrant complaint, while in many cases may mean stop due to traffic violation, does not exclude a stop based on probable cause from an ongoing investigation. The phrase itself simply alerts the issuing judge to the fact that Defendant was stopped while traveling in his vehicle and arrested.

Next, concerning the complaint's failure to mention Defendant's non-Miranda statement and the exact quantity of cannabis found on Defendant, the court again agrees with the government. In the vehicle on the way to the police station, the officer smelled cannabis coming from Defendant. The statement did not cause the police station search to take place. Even without the statement from Defendant admitting to having cannabis on his person, the station search would have taken place, during which the cannabis would have been recovered. Therefore, Hughes's failure to mention the non-Miranda statement made by Defendant did not make the information contained in the complaint untruthful or inaccurate. Defendant has not established that the complaint contained false or misleading information on this account.

Further, Hughes did not mislead or put inaccurate facts before the issuing judge when he failed to state the quantity of cannabis found on Defendant. The Seventh Circuit has found that "[e]ven a very small quantity of marijuana in the trash provided sufficient reinforcement of the other information in the affidavit that" a defendant was dealing drugs from his home. McDuffy, 636 F.3d at 363. How much cannabis was found on Defendant is immaterial when, combined with the other information in the complaint, such as Defendant being a target of a drug investigation, all the combined information gives rise to probable cause for the warrant to issue. Hughes's leaving out of the cannabis quantity was not reckless or dishonest.

Finally, with regard to the third good faith prong, whether the warrant was so lacking in probable cause that no officer could have relied on it, the court would refer back to the probable cause discussion above. Probable cause existed for the warrant to issue based on the complaint sworn out by Det. Hughes.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion to Suppress (#14) is DENIED.

(2) This case remains set for a telephone status conference at 10:00 am on Thursday, July 28, 2011.

ENTERED this 18th day of July, 2011.

    s/Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE